IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CRIMINAL PRODUCTIONS, INC., and LHF PRODUCTIONS, INC.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ANDREY TURCHIN**,<br><br>Defendant. | Case No. 3:16-cv-1695-AC<br><br>**OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

Plaintiffs Criminal Productions, Inc. ("Criminal Productions") and LHF Productions, Inc. ("LHF") bring this action against Defendant Andrey Turchin ("Turchin" or "Defendant"). Plaintiffs allege that Defendant copied and distributed Plaintiffs' motion pictures *Criminal* and *London Has Fallen*, respectively, through a public BitTorrent network in violation of Plaintiffs' exclusive rights under the Copyright Act. Before the Court is Plaintiffs' motion for entry of default judgment under Federal Rule of Civil Procedure 55(b). For the following reasons, the Court grants Plaintiffs' motion, and will enter a default judgment against Defendant in the amount of $5,000, along with injunctive relief.

PAGE 1 – OPINION AND ORDER

## STANDARDS

Under Federal Rule of Civil Procedure 55(a), the Clerk of the Court is required to enter an order of default if a party against whom affirmative relief is sought fails timely to answer or otherwise defend an action. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Upon the entry of default, the Court accepts "the well-pleaded factual allegations" of the complaint "as true." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (quoting *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992)); *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The court, however, does not accept as admitted facts that are not well-pleaded, conclusions of law, or facts relating to the amount of damages. *DIRECTV*, 503 F.3d at 854; *Geddes*, 559 F.2d at 560; *see also Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) ("'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" (quoting *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987))).

After default has been entered against a defendant, a court may enter a default judgment against that defendant. *See* Fed. R. Civ. P. 55(b). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786 (9th Cir. 2011) (noting that a district's court decision whether to enter a default judgment is reviewed for abuse of discretion). In *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit set out factors to guide a district court's consideration of whether to enter a default judgment. *See DIRECTV* , 503 F.3d at 852 (noting that *Eitel* "set[] out factors to guide district court's determination regarding the appropriateness of granting a default judgment").

PAGE 2 – OPINION AND ORDER

> The Ninth Circuit in *Eitel* held:
>
>> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72 (punctuation in original). The "starting point" of the court's analysis, however, "is the general rule that default judgments are ordinarily disfavored." *Id.* at 1472.

## BACKGROUND

In July 2016, Turchin entered into a stipulated consent judgment in the case of *Glacier Films (USA), Inc., et al v. Andrey Turchin*, 3:15-cv-1817-SB. In that case, for purposes of resolving the dispute, he stipulated to the allegations of liability, including that he willfully downloaded the motion picture *American Heist* through the BitTorrent network with the intent to cause harm. Turchin agreed to pay $750 in statutory damages. He also consented to a permanent injunction "from using the Internet to reproduce, copy or publish the motion picture *American Heist* . . . [and] to immediately delete any unlicensed copy of the motion picture *American Heist* in his possession or control." Case No. 3:15-cv-1817-SB, ECF 43 at 3.

On August 23, 2016, Plaintiff Criminal Productions filed its complaint in this case, identifying a doe defendant IP address as a person who illegally downloaded Criminal Production's motion picture using the BitTorrent network, among many other motion pictures. Plaintiff Criminal Productions then identified Turchin as the subscriber associated with the infringing IP address. After identifying that this case may be related to the *Glacier Films* case, which was on appeal on for which Turchin has counsel, the Court appointed pro bono counsel to represent Turchin. Counsel spoke on the telephone with Turchin and informed him that counsel

PAGE 3 – OPINION AND ORDER

was appointed to assist Turchin without cost, but Turchin refused further communications with counsel. Counsel then moved to withdraw and the Court terminated the appointment of pro bono counsel.

On December 11, 2016, Plaintiff Criminal Productions filed an amended complaint, naming Turchin as the defendant and joining LHF as an additional plaintiff. Turchin was served through substitute service by leaving a copy of the Summons and Amended Complaint at his purported residence with a person over the age of 14 and by mailing a copy.

Plaintiffs moved for an order of default. The Court issued an Order of Default on January 17, 2017. On February 19, 2017, Plaintiffs filed a motion for default judgment.

## DISCUSSION

To establish a claim of copyright infringement, a "plaintiff must show ownership of the copyright and copying by the defendant." *Fox Broad. Co. v. Dish Network L.L.C.*, 747 F.3d 1060, 1066-67 (9th Cir. 2013) (quotation marks omitted). The factual allegations of Plaintiffs' Amended Complaint, which the Court accepts as true upon default, establish these elements. Accordingly, a judgment of default is appropriate in this case. *See Glacier Films (USA), Inc. v. Tenorio*, 2016 WL 3766465, at *2 (D. Or. June 22, 2016); *Voltage Pictures, LLC v. Martinez*, 2015 WL 4772856, at *2 (D. Or. Aug. 11, 2015).

Under the Copyright Act, a plaintiff may elect an award of statutory damages "in a sum of not less than $750 or more than $30,000" per infringement, in lieu of an award representing actual damages. 17 U.S.C. § 504(c)(1). If a court finds the infringement to be willful, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). The court has broad discretion in setting the amount of statutory damages. *See Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001) ("If statutory damages are elected, the court has wide

PAGE 4 – OPINION AND ORDER

discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima.") (quotation marks and alteration omitted).

Plaintiffs concede that the amount of economic damages suffered as a result of Defendant's infringing activity is highly speculative and incalculable. Thus Plaintiffs seek only statutory damages. Plaintiffs argue that Defendant's conduct was willful and that because he has refused to participate in the legal process, ignored previous court injunctions, and continued to infringe on numerous copyrights despite being subject to the minimum statutory damage of $750 in the previous lawsuit, statutory damages of at least $50,000 per copyright infringed, for total statutory damages of at least $100,000, are warranted. The Court agrees that more than minimum statutory damages are warranted, but disagrees that $50,000 per copyright is the appropriate amount.

In considering an appropriate amount of damages, the Court weighs heavily the fact that Turchin has already been through the legal process relating to downloading of motion pictures, consented to a judgment, paid the minimum statutory damages, and yet a review of the internet protocol address associated with him shows significant continued BitTorrent activity well after the conclusion of that lawsuit. Clearly, for Turchin, the minimum statutory damages did not have a deterrent effect in preventing his copyright infringement.

The Court also notes, however, that from the evidence before the Court it does not appear that Turchin has violated the earlier injunction. Turchin was not enjoined from using BitTorrent software, nor was he required to delete all BitTorrent software. The previous injunction merely enjoined him from using the Internet to reproduce, copy, or publish *American Heist* and he was required to delete all copies he had of *American Heist*. There is no evidence before the Court that Turchin did not comply with that injunction.

PAGE 5 – OPINION AND ORDER

The Court also notes that although Turchin has refused to participate in these proceedings, while he did participate in the *Glacier Films* case, that is not a reason necessarily to award $50,000 in statutory damages. There are many reasons why a party may not want to defend an action. *See generally Glacier Films*, 2016 WL 3766465, at *3. Considering all the facts of this case, the Court finds that statutory damages in the amount of $2,500 per motion picture, for a total of $5,000, is an appropriate damages award.

Plaintiffs also seek injunctive relief preventing Defendant from future infringing activity against Plaintiffs' motion pictures, and more generally. The Court agrees that this case merits injunctive relief under 17 U.S.C. §§ 502 and 503. Under these sections, the Court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." § 502(a). The Court may also "order the destruction or other reasonable disposition of all copies or phonorecords found to have been made or used in violation of the copyright owner's exclusive rights." § 503(b). Considering that a narrowly-tailored injunction was previously entered against Defendant and it did not stop him from continuing his infringing activity, the Court agrees that a broad injunction is needed under the facts of this case.

Accordingly, the Court orders a permanent injunction enjoining Defendant from directly, indirectly, or contributorily infringing on Plaintiffs' rights, including without limitation by using the internet to reproduce or copy Plaintiffs' motion pictures, to distribute them, or to make them available for distribution to the public except pursuant to a lawful license or with the express authority of Plaintiffs. The Court also orders Defendant to destroy all unauthorized copies of Plaintiffs' motion pictures. The Court further orders Defendant to stop using torrent protocol or

the internet for the willful and knowing copying or downloading of motion pictures in violation of U.S. copyright law.

## CONCLUSION

Plaintiffs' motion for default judgment (ECF 22) is GRANTED. Defendant is ordered to (1) pay each Plaintiff statutory damages of $2,500, for total damages of $5,000; (2) cease all activities infringing on Plaintiffs rights in their motion pictures *Criminal* and *London Has Fallen*; (3) destroy all unauthorized copies of these movies in the possession of Defendant; and (4) cease using torrent protocol or the internet for the willful and knowing copying or downloading of motion pictures in violation of U.S. copyright law.

**IT IS SO ORDERED**.

DATED this 14th day of March, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge